**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SCOTT R. DETLOFF,

      Petitioner,

                                 CASE NO. 2:17-CV-13954
v.                            HONORABLE NANCY G. EDMUNDS
                                 UNITED STATES DISTRICT JUDGE

J.A. TERRIS,

      Respondent,

_____/

## <u>OPINION AND ORDER DISMISSING THE PETITION</u>
## <u>FOR WRIT OF MANDAMUS</u>

Scott R. Detloff, ("petitioner"), presently incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for writ of mandamus, pursuant to 28 U.S.C. § 1361, in which he challenges the Bureau of Prisons' (BOP) failure to award him credit against his federal sentence. For the reasons stated below, the instant petition is DENIED.

Petitioner claims that the BOP has improperly extended his sentence by refusing to award him 226 days of good conduct time and 72 days of jail credit against his sentence.

The remedy of mandamus in the federal courts is considered "a drastic one, to be invoked only in extraordinary situations." *See Kerr v. U.S. Dist. Ct. for Northern Dist. of California,* 426 U.S. 394, 402 (1976)(internal citations omitted). The party that seeks a writ of mandamus must have no other adequate means to attain the relief that he or she desires and must satisfy the burden of showing that his or her right to the issuance of the writ is "clear and indisputable." *Id.* at 403. A writ of mandamus is not available as a remedy for

a federal prisoner seeking sentencing credit against his or her federal sentence. *See Lambdin v. United States*, 439 F.2d 1402, 1402 (6th Cir. 1971). Instead, a petition for writ of habeas corpus under § 2241 is the proper means for challenging the manner in which an otherwise valid sentence is executed. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir.1991); *Wright v. United States Parole Bd.*, 557 F.2d 74, 77 (6th Cir.1977). Because § 2241 provides an available alternative remedy for petitioner to obtain credit against his sentence, mandamus is not appropriate.

Although this Court could construe the petition for mandamus as a petition for writ of habeas corpus, the Court declines to do so for several reasons.

First, any petition for writ of habeas corpus would be subject to dismissal because petitioner has neither paid the $ 5.00 fee for filing a habeas petition nor has he filed an application to proceed *in forma pauperis. See e.g. Gravitt v. Tyszkiewicz,* 14 F. App'x. 348, 349 (6th Cir. 2001).

Secondly, when a *pro se* prisoner files a mislabeled civil action that should have been filed under the habeas corpus statute, the general rule is that the suit should not be converted into a habeas corpus action and decided on the merits. Instead, the proper action is to dismiss the action without prejudice. *See Staples v. Casperson,* 6 F. App'x. 481, 483-84 (7th Cir. 2001).

This Court will dismiss the petition for writ of mandamus without prejudice to petitioner filing a petition for writ of habeas corpus to challenge the computation of his sentencing credits.

**ORDER**

Based upon the foregoing, IT IS ORDERED that the petition for a writ of mandamus

is **DISMISSED WITHOUT PREJUDICE** to petitioner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.


s/ Nancy G. Edmunds_____
**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT JUDGE

DATED: December 14, 2017